[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed a motion to disqualify plaintiff's counsel on the grounds that plaintiff's counsel had previously represented the defendant in a divorce action. Plaintiff's counsel filed an objection to the motion on the grounds that representation of the plaintiff would neither constitute a conflict of interest nor violate attorney client privilege.
The instant case arises from a personal injury matter. An associate in plaintiff's counsel's law firm had represented the defendant in an uncontested divorce action, in which defendant's ex-wife was unrepresented. That divorce action is distinctly different from the instant personal injury action and there is no overlap of legal or factual issues between the two cases. Defense counsel argues that the financial information which plaintiff's counsel's law firm garnered from the defendant during the divorce proceeding could prejudice the defendant's position in this case. However, plaintiff's counsel represented that the financial affidavit that was filed in the divorce proceeding was the result of the joint effort of the parties, which was merely recorded by the lawyer. Additionally, in this case, in order to resolve the dispute plaintiff's counsel filed an Offer of Judgment in the amount of $100,000, the limits of insurance coverage afforded the defendant. Given these facts this court finds that defendant's motion to disqualify should be denied.
"The party moving for disqualification bears the burden of proving facts which indicate that disqualification is necessary . . . The disqualification of a party's chosen counsel is a harsh sanction, and an extraordinary remedy which should be resorted to sparingly." (Citations omitted; quotation marks CT Page 919 omitted.) Deleo v. Kruger, Superior Court, district of Stamford/Norwalk at Stamford, Docket No. 94 0142362S, 21 CONN. L. RPTR. 375 (February 10, 1998) (Mintz, J.). The court must consider the competing interest at stake in the motion to disqualify: the defendant's interest in protecting confidential information; the plaintiff's interest in freely selecting council; and the public's interest in the fair administration of justice. Id. This court must also consider whether the challenged representation is the same or substantially related to the other matter. Pellini v. Pellini, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. FA 96 01050821 S, 18 CONN. L. RPTR. 558 (January 13, 1997) (Harrigan, J.). "The test has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is patently clear or when the issues are identical or essentially the same." (Citations omitted, quotations marks omitted). Donovan v.Van Dyck Printing, Superior Court, judicial district of New Haven at New Haven, Docket No. CV 96 0384155 (February 5, 1997, Devlin, J.).
Given the facts of this case, the plaintiff should not be subjected to the harsh remedy of disqualifying plaintiff's counsel. There is no indication that plaintiff's counsel has personal information which will have a bearing on the financial resolution of this case. In fact, plaintiff's counsel has stated intentions to resolve the matter within the insurance policy limits. This action is not similar to the matter in which plaintiff's counsel provided representation to the defendant. Therefore, there are no grounds for to support defendant's position that he is prejudiced by plaintiff's counsel representing the plaintiff.
Weighing all applicable interests and looking to whether the defendant established that plaintiff's counsel should in fact be disqualified, this court finds that defendants motion to disqualify must be denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT